# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM H. MUND AND PAMELA J. MUND, *individually and on behalf of all others similarly situated*, | Civil No. 08-936 (JRT/JJK) |
| Plaintiffs, | **ORDER ON JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| EMCC, INC., *a Delaware Corporation*, | |
| Defendant. | |

_____

Jordan Lewis, Mark Thieroff, and Wood Foster, Jr., **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 554014; Michael Phillips, **PHILLIPS LAW, PLLC**, East Grain Exchange Building, 412 South Fourth Street, Minneapolis, MN 55415, for plaintiffs.

Leon Erstad, Patrick Reilly, and Thomas Schaefer, **ERSTAD & RIEMER**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425, for defendant.

This matter is before the Court, this 16th day of March, 2010, upon consideration of the Parties' Joint Motion for Final Approval of Class Action Settlement, the evidence and arguments submitted at the hearing on March 16, 2010, and all matters of record, it is Ordered and Decreed that the Motion is **GRANTED**.

The Court makes the following findings of fact and conclusions of law:

1.  Plaintiffs brought this action in the United States District Court for the District of Minnesota asserting both individual and class claims pursuant to the Fair Debt

Collection Practices Act ("FDCPA") in connection with debt collection practices of Defendant, specifically the efforts to collect certain annual fees and assessments relating to vacation time-shares, including but not limited to those of Royal Holiday Club, S.A. a Mexico corporation.

2. After extensive discovery and motion practice, the parties entered into settlement discussions. After arm's length negotiations, the parties finalized a proposed settlement which called for EMCC to pay $15,000 to reimburse all statutory damages class members. A settlement fund of $100,000 was established for claimants who sustained actual damages and who made claims. The sum of $80,000 was agreed to as payment of Plaintiffs' counsel fees and costs. The named plaintiffs William H. Mund and Pamela J. Mund were to receive $2,000 each as an incentive award. Defendant was to pay all costs and expenses for class notice and administration of the settlement.

3. The settlement served as the sole source of satisfaction of any claim by any class member.

4. Defendant denies liability to Plaintiff and the class for the claims alleged herein, but to avoid the cost of continuing litigation considers it desirable that the action and the claims alleged therein be settled, upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties.

5. The parties have jointly agreed that they will accept the Court certification of the case as a class action and have agreed to a settlement of the claims as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

6. In October of 2009, the parties agreed to settlement of all claims, including

any class allegations. The class definition is as follows: "all consumers (as that term is defined at 15U.S.C. § 1692a(3)) that received an initial collection letter from EMCC containing a demand for payment of collection costs with language identical or similar to that in the letters referred to in the Class Action Complaint, at any time on or after April 10, 2007."

7. The Class described above includes 318 consumers (as that term is defined at 15 U.S.C. § 1692a(3)) who are known to have sustained actual damages and an additional 74 consumers who may have sustained actual damages. Notices of the class action settlement were sent by first class mail to each of these consumers.

8. The Class also included 2,401 individuals who sustained no actual damages. Notices of the class action settlement were sent by first class mail to each of these consumers.

9. Counsel for the Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, and after extensive and intensive arms-length negotiations, Plaintiffs and Defendant entered into the Class Settlement Agreement.

10. Pursuant to the Class Settlement Agreement, Defendant agreed to the following:

a. Payment by Defendant to class representatives William H. Mund and Pamela J. Mund each in the amount of Two Thousand and 00/100s ($2,000.00) Dollars each.

b. Establishment of a settlement fund by Defendant of $15,000[1] to be distributed to the members of the certified class identified as class members with statutory damages only. These class members received a letter from EMCC containing a demand for payment of collection costs with language identical or similar to the letters referred to in the Class Action Complaint at any time on or after April 10, 2007, but made no payments of any kind to Defendant. Each class member who did not opt out of the class shall receive a payment proportionate to the percentage of the total claims.

c. Establishment of a settlement fund by Defendant of $100,000 for distribution to the members of the certified class identified as class members with actual damages. These class members received a letter from EMCC containing a demand for payment of collection costs with language identical or similar to the letters referred to in the Class Action Complaint at any time on or after April 10, 2007, and made payments to Defendant.

d. If the total of claims submitted by class members with actual damages were less than $25,000, an additional $15,000 of funds would be transferred from the actual damages fund to the statutory damages fund.

e. Payment by Defendant to Plaintiffs' counsel of record ("Class

---

[1] This amount represents statutory damages as prescribed at 15 U.S.C. § 1692(a)(2)(B) and is based on confidential accounting records Defendant produced to Plaintiffs in discovery.

Counsel") in the total amount of Eighty Thousand and 00/100 ($80,000.00) Dollars for attorneys' fees and costs.

        f.      Defendant was to pay all the costs of providing the notice of this settlement by first class mail to all members of the certified class.

        g.      The administration and distribution of the funds to the certified class was to be completed by Defendant, at its own cost, which shall be separate from the aforesaid settlement funds.

        h.      Defendant makes no admission of liability regarding any aspect of this matter. The parties agree that they are entering into this settlement agreement to eliminate the cost of further litigation, and the parties recognize that nothing in this agreement constitutes an admission of liability by Defendant EMCC, Inc.

11.     On December 11, 2009, Plaintiffs and Defendants jointly presented the proposed settlement for preliminary approval before this Court.

12.     Following the hearing, the Court granted the joint motion and certified a class as set forth above.

13.     The Court preliminarily found that the proposed settlement was fair, reasonable and adequate, found that the notice plan satisfied Rule 23, the requirements of Due Process, and all other applicable law, and ordered notice to be completed no later than January 8, 2010.

14.     The Court allowed potential Class members to file objections or opt-out of the settlement by March 1, 2010, and allowed until March 1, 2010 for class members with actual damages to file a claim.

15. In accordance with the Order, the parties carried out the notice plan. All class members were mailed a first class letter to their last known address containing the notice approved by the court. Defendants mailed out 2,401 first class letters to class members who sustained no actual damages but were class members with statutory damages only. Defendants mailed out 392 first class letters to class members who did or may have sustained actual damages.

16. No class members objected to the settlement.

17. Six (6) class members of the statutory damages only class opted out of the settlement. No class members with actual damages opted out of the settlement.

18. One hundred twenty one (121) class members who did or may have sustained actual damages returned claims forms.

19. The total actual collection costs paid by these 121 class members to Defendant was $72,630.20. This sum is less than the $100,000 which was set aside for the payment of collection cost refunds to class members with actual damages.

20. The claimants for actual damages exceeded $25,000. Therefore, Defendant shall not increase the size of the settlement fund for class members with statutory damages only by an amount equal to the difference between $25,000 and the total claims of class members with actual damages. Instead, the class members with statutory damages only shall each receive an equal share of the $15,000 settlement fund.

21. Each of the 121 class members who submitted claims forms will be sent a payment for the full amount of the collection costs which they paid to the Defendant.

22. All class members who did not return a claim form verifying actual

damages will share in the distribution of the $15,000 fund set aside for those class members without actual damages but entitled to a share of the statutory damages settlement fund.

23. Class members who cannot be located because no valid mailing address can be found for them will not be included within the distribution. There were 187 envelopes containing notices which were returned to the Defendant as non-deliverable. These 187 class members will not be included in the distribution of the $15,000 fund. The 121 class members who returned claims forms verifying actual damages and will be paid their actual collection costs will not share in the $15,000 fund.

24. Plaintiffs and counsel for the Plaintiffs and the Class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Class members.

25. The settlement is fair, reasonable and adequate in the opinion of Counsel in this matter. This factor weighs in favor of final approval.

26. The parties engaged in extensive and thorough discovery in the matter and were thus well informed as to the strengths and weaknesses of their positions. This factor weighs in favor of final approval.

27. The court further finds that the notice of the proposed settlement was sufficient and furnished Class members with the information they needed to evaluate whether to participate in or opt-out of the proposed settlement.

28. The Court finds that the parties have disseminated the notice by direct mail

to all class members. Specifically, the notice states in plain language: (1) a description of the Class; (2) a description of the claims asserted in the lawsuit; (3) a description of the settlement; (4) the deadline for filing a claim form; (5) the names of Class counsel; (6) a description of the claims asserted in the lawsuit; (7) a statement of the maximum amount of attorneys' fees that may be sought by class counsel; (8) the deadline for filing objections to the settlement; (9) a description of how to receive further information about the settlement; and (10) a description of how to opt-out of the settlement. The Court therefore concludes that the notice of the proposed settlement met all requirements required by law, including all constitutional requirements.

29. The Court finds that the settlement will benefit participating class members; accordingly, Class members who have not opted out of the settlement based on the initial notice, shall remain as Class members and are bound by the terms of the settlement.

30. No objections to the settlement were filed.

31. The Court having reviewed and considered the settlement and all documents, evidence and arguments of all counsel; the Court being fully advised in the premises and good cause appearing therefore, the court finds that the settlement reached is the result of arm's length negotiations, the settlement is fair, reasonable, adequate and in the best interests of the Class, and the Motion for Final Approval should be **GRANTED.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

32. The Court has personal jurisdiction over the parties and has subject matter jurisdiction over the Action.

33. All Class members who timely exercised their right to opt out as provided in the Court approved notice have been identified and provided to the Court.

34. The Court hereby determines that the settlement is fair, reasonable and adequate and in the best interests of the Class members, that there are no valid objections to the settlement, and that, accordingly, the settlement is finally approved.

35. Within 30 days from the date of this Order, the parties shall cause a letter to be furnished by mail to all class members to advise them of the Court final approval of the settlement. Each class member shall be paid their share of the settlement at the same time.

36. Defendant shall pay the $15,000 (the "Statutory Damages Settlement Amount") in full, complete and final settlement of the case, all released claims and any obligations Defendant might otherwise have to pay damages to these class members.

37. Defendant shall pay the $72,630.20 to the Class members who sustained actual damages and returned a claim form in full, complete and final settlement of the case, all released claims and any obligations Defendant might otherwise have to pay damages to these class members.

38. The 121 Class members with actual damages who submitted a claim for by March 1, 2010, shall be paid their actual collection costs.

39. Defendant shall pay to class representatives William H. Mund and Pamela J. Mund Two Thousand and 00/100s ($2,000.00) Dollars each within 30 days of this order.

40. Defendant shall pay to Plaintiffs' counsel of record Eighty Thousand and

00/100 ($80,000.00) Dollars for attorneys' fees and costs, within 30 days of this order.

41. Each Class member will receive their full settlement benefit in one payment.

42. In accordance with the terms of the parties' settlement agreement:

   a. The case is dismissed with prejudice.

   b. With this Final Approval, the Plaintiffs, on behalf of themselves and all Class members, and their successors, heirs and assigns, and anyone acting on their behalf, including in a representative or derivative capacity, shall, and shall be deemed as of the date of this Final Approval to: (i) release Defendant and its present and former parents, subsidiaries, divisions, affiliates, stockholders, benefit plans, officers, directors, employees, agents and any of their legal representatives, and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing (collectively, the "Released Parties") from all claims that Plaintiffs and Class members asserted or could have asserted herein, including without limitation any claim for attorneys fees or expenses of any type ("Released claims"), and (ii) covenant not to sue the Released Parties based on any Released Claims.

   c. Members of the Class are permanently enjoined from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, or other proceeding based on, relating to, or arising out of the Released Claims in this case.

43. Nothing in this Final Order and Judgment or the Settlement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law

or of any liability or wrongdoing by Defendant or of the truth of any of the claims or allegations in the case. The Court has made, and herein makes, no determination as to the merits of the claims.

44. Without affecting the finality of this Final Order and Judgment, the Court retains continuing jurisdiction over this case and the parties, including all members of the Class, concerning the administration and enforcement of the Settlement, and the benefits to the Class thereunder.

45. The Settlement Agreement between the parties and all negotiations, proceedings, documents prepared and statements made in connection herewith shall not be admissible in any proceeding for any purpose, except to enforce or interpret the terms herein in any dispute between the parties.

DATED: March 16, 2010
at Minneapolis, Minnesota                        _____s/ John R. Tunheim_____
                                                 JOHN R. TUNHEIM
                                                 United States District Judge